**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAY CONRAD JOHNSON, | No. 10-15233 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-00712-RJB |
| v. | |
| A. P. KANE, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted January 10, 2012
San Francisco, California

Before: WALLACE and M. SMITH, Circuit Judges, and RAKOFF, Senior District
Judge.**

California state prisoner Johnson appeals from the denial of his petition for a

writ of habeas corpus brought under 28 U.S.C. § 2254. The United States District

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for Southern New York, sitting by designation.

Court for the Eastern District of California denied Johnson's petition, but granted a certificate of appealability on two issues.

Johnson also presents issues in his brief that were not included in the certificate of appealability which we construe as a motion to expand the certificate of appealability. Fed. R. App. P. Circuit Rule 22-1(e). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review the denial of Johnson's petition for a writ of habeas corpus de novo. *Smith v. Curry*, 580 F.3d 1071, 1079 (9th Cir. 2009). We deny Johnson's motion to expand the certificate of appealability and affirm the denial of Johnson's petition.

I

In his first uncertified issue, Johnson contends that the district court erred in denying his claim that the trial court violated his rights when it refused to allow him to change his plea from not guilty to not guilty by reason of insanity after the trial had already begun. Johnson has cited no Supreme Court authority for the proposition that a criminal defendant has a constitutional right to change a plea from not guilty to not guilty by reason of insanity after the commencement of trial. Therefore, he has not demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Johnson's second uncertified issue is whether his right to due process was violated when the trial court denied his counsel's request for a subsequent competency hearing. Under California law, a trial judge who has previously found a defendant competent need not hold a second or subsequent competency hearing "unless it 'is presented with a substantial change of circumstances or with new evidence' casting a serious doubt on the validity of that finding." *People v. Jones*, 53 Cal. 3d 1115, 1153 (Cal. 1991), *quoting People v. Zatko*, 80 Cal. App. 3d 534, 548 (Cal. Ct. App. 1978). The California Court of Appeal held that Johnson had not presented substantial evidence of incompetence or a change of circumstances.

The district court correctly held that California's procedures are consistent with Supreme Court precedent. The district court also properly held that the California Court of Appeal's factual finding that Johnson did not present sufficient evidence to warrant a second competency hearing did not involve an unreasonable determination of the facts. Johnson has not demonstrated that reasonable jurists would consider the district court's treatment of this claim debatable or wrong. *See Slack*, 529 U.S. at 484. We, therefore, deny the motion to expand the certificate of appealability.

II

On the first certified issue, we hold that the district court did not err in concluding that Johnson exhausted his claim that his Sixth Amendment right to a trial by jury was violated when the trial court imposed upper and consecutive terms based upon factors that were determined by the judge rather than the jury. Even if Johnson did not word his claim in the state court precisely the same as in his federal petition, the California Court of Appeal expressly rejected the claim when it held that Johnson was eligible for the upper term because the jury found that he had used a deadly weapon and the judge stayed the enhancement. *People v. Johnson*, No. C043044, 2005 WL 318583 at \*6 (Cal. Ct. App. Feb. 9, 2005).

On the second certified issue, we need not reach whether the trial court's imposition of an upper term sentence based on facts found by the judge rather than the jury constituted error under *Cunningham v. California*, 549 U.S. 270 (2007). Even if such error existed, we would not issue the writ if the state court's error was harmless. The Warden argues that Johnson was eligible for the upper term sentence even though the sentencing court imposed one deadly weapon enhancement because the sentencing court stayed the enhancement for the second deadly weapon finding. Johnson, on the other hand, argues that, under California Rules of Court 4.420(c), a jury finding that a defendant used two deadly weapons in the

4

commission of the same offense does not render the defendant eligible for the upper term because the sentencing court does not have discretion to strike the punishment for the enhancement. Rather, section 1170.1 of the California Penal Code *requires* the sentencing court to select the greater enhancement and impose *only* that one.

The parties have cited no authority that resolves this question of California law. However, we need not resolve the parties' dispute of California law because we hold that Johnson would have been eligible for the upper term under a different factor. On this record, we have no doubt that the jury would have found the existence of the aggravating factor for a "particularly vulnerable victim."

Applying the harmless error standard of *Brecht v. Abrahamson*, 507 U.S. 619 (1993), we must grant relief "if we are in 'grave doubt' as to whether a jury would have found the relevant aggravating factors beyond a reasonable doubt." *Butler v. Curry*, 528 F.3d 624, 648 (9th Cir. 2008), *citing O'Neal v. McAninch*, 513 U.S. 432, 436 (1995). In other words, we must grant relief if "the matter is so evenly balanced that [we] feel[] [ourselves] in virtual equipoise as to the harmlessness of the error." *O'Neal*, 513 U.S. at 435.

We are not in grave doubt as to whether the jury would have found that Johnson's victim, Mr. Booker, was particularly vulnerable. The evidence

established that Mr. Booker was recovering from surgery to his right quadriceps at the time of the attack. Johnson attacked Mr. Booker while he was changing the dressing on his leg, an injury which had rendered him unable to walk or even stand. The attack occurred in an isolated part of Colfax, an area so isolated that Mr. Booker did not even have his doors locked. Johnson was able to attack Mr. Booker by walking through the unlocked back door. The attack occurred early in the morning, without warning of any kind. The only other person in the house who could come to Mr. Booker's aid was his wife, and Johnson killed her when she attempted to do so. In sum, Johnson attempted to murder Mr. Booker at a time and place where Mr. Booker had no reason to be on his guard. Mr. Booker was disabled and unarmed. He could not have prevented the attack, nor could he have defended himself or his wife. In short, we do not hesitate to conclude that Johnson's jury would have found that Mr. Booker was a particularly vulnerable victim.

We recognize that, following *Cunningham*, the California Supreme Court cautioned reviewing courts when it comes to concluding there was harmless error due to the existence of aggravating circumstances that were not presented to the jury. *See People v. Sandoval*, 41 Cal. 4th 825, 840 (Cal. 2007). For example, whether a victim was *particularly* vulnerable may "entail a subjective assessment

of the circumstances rather than a straightforward finding of facts." *Id.* In *Sandoval*, the record did not "reflect such a clear-cut instance of victim vulnerability" that the court could confidently conclude that the jury would have found the victim particularly vulnerable, "as might be the case if, for example, the victims had been elderly, very young, or disabled, or otherwise obviously and indisputably vulnerable." *Id.* at 842. Similarly, in *Butler*, we declined to conclude that a victim was particularly vulnerable where the only evidence of vulnerability was that the victim was attacked from behind, 528 F.3d at 649: we said there was "no evidence that at the time of the crime [the victim] was less able than other victims to ward off attacks because of . . . disability or incapacitation." *Id.* at 650.

Unlike *Sandoval* and *Butler*, this is a case that offers a clear-cut, obvious, and indisputable instance of victim vulnerability. Had the government presented to the jury the question, "Was Mr. Booker a particularly vulnerable victim?," we conclude that the jury would have answered "yes." Because we are not in grave doubt as to whether the jury would have found the existence of an aggravating factor, we conclude that any trial court error in imposing the upper term based on factors that were not presented to the jury was harmless.

**AFFIRMED**

7